UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BULK NATURAL, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ABSTRAX TECH INC.,<br><br>    Defendant. | Case No. 3:25-cv-2019<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Bulk Natural, LLC brings this Complaint for Declaratory Judgment of Invalidity of U.S. Pat. Nos. 11,214,757 ("the '757 Patent") and 12,098,350 ("the '350 Patent") against Defendant Abstrax Tech Inc., and alleges as follows, based on actual knowledge with respect to Plaintiff and Plaintiff's acts, and based on information and belief with respect to Defendant and Defendant's acts:

## NATURE OF THE CASE

This is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaratory judgment of invalidity of the '757 Patent and the '350 Patent arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

1.  Plaintiff Bulk Natural, LLC, dba True Terpenes ("True Terpenes") is an Oregon limited liability company with its principal place of business at 8210 NE Mauzey

Court, Hillsboro, Oregon 97124. True Terpenes manufactures and sells products that Abstrax has alleged infringe the '757 Patent and the '350 Patent.

2. On information and belief, Defendant Abstrax Tech Inc. ("Abstrax") is a California corporation with a principal place of business at 2661 Dow Avenue, Tustin, California 92780, and is the purported owner of the '757 Patent and the '350 Patent.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because this case involves a federal question arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

4. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*., based on the declaratory judgment sought by True Terpenes due to Abstrax alleging infringement of the '757 Patent and the '350 Patent by True Terpenes, thereby giving rise to an actual controversy under 28 U.S.C. § 2201.

5. This Court has personal jurisdiction over Abstrax because Abstrax sent a demand letter to True Terpenes in this district alleging infringement of the '757 Patent and the '350 Patent; Abstrax sells products into this district, including products that compete with True Terpenes' allegedly infringing products; and Abstrax has applied for authority to do business in Oregon, and maintained a registered agent in this district until at least 2023.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to True Terpenes' declaratory judgment claim occurred in this district; and because Defendant is subject to the Court's

personal jurisdiction in this action and therefore resides in this district for purposes of venue.

## FACTUAL ALLEGATIONS

A. **Defendant's Demand Letter to True Terpenes**

7. Abstrax sent a demand letter dated October 16, 2025 to True Terpenes at its office in Hillsboro, Oregon, alleging that the True Terpenes Skunk Terpene Flavor Modifier product "infringes: (a) composition claims 1, 4-6, and 11-12 of the '757 Patent; and (b) process claims 1, 2, 5, 6, 9, and 11-13 of the '350 Patent." A copy of the Abstrax demand letter to True Terpenes is attached as Exhibit 1.

8. The Abstrax demand letter includes claim charts purportedly demonstrating True Terpenes' infringement of the '757 Patent and the '350 Patent (*see* Exhibit 1, pp. 51-61), and demands "that True Terpenes cease and desist from engaging in all infringing activity related to the manufacture, sale or offer for sale of its Skunk product, and confirm in writing to Abstrax that True Terpenes has done so, by November 17, 2025." Exhibit 1, pp. 1-2.

B. **The '757 Patent**

9. The '757 Patent, entitled "Sulfur-Containing Volatile Organic Compounds in Cannabis," was issued January 4, 2022 and assigned to ABX Investments, Inc. of Irvine, California. A copy of the '757 Patent was included with the Abstrax demand letter, and can be seen at Exhibit 1, pp. 4-25.

10. On information and belief, ownership of the '757 Patent has been assigned to Abstrax Tech Inc.

11. The claims of the '757 Patent are directed to a composition including an organosulfur compound selected from a first list of compounds and a terpene compound selected from a second list of compounds, where the composition can take various forms such as edible, aerosol, and so forth. The '757 Patent description states that such a composition produces a "gassy" or "pungent" odor. '757 Patent, Col. 17 (Exhibit 1, p. 23), lines 53-59.

12. Claim 1 of the '757 Patent, which Abstrax has alleged is infringed by True Terpenes, recites as follows:

```
1.    A composition comprising:
an organosulfur compound selected from the group consisting
      of prenyl mercaptan, 2-methylthiophene, 3-
      methylthiophene, diprenyl disulfide, 3-methyl-2-buten-
      1-yl thiolacetate, 3-methyl-1-[(3-methyl-2-buten-1-
      yl)sulfanyl]-2-butene, prenylmethylthiol (1-
      methylsulfanyl)-3-methyl-2-butene), prenyl
      thioacetate, thiogeraniol, or a combination of any two
      or more thereof; and
a primary terpene compound selected from the group
      consisting of myrcene, β-caryophyllene, limonene, α-
      pinene, β-pinene, valencene, ocimene, terpinolene, or
      a combination of any two or more thereof;
wherein the composition is an edible composition, an
      aerosol composition, a flavor composition, a fragrance
      composition, or an inhalable composition.
```

'757 Patent, Col. 22 (Exhibit 1, p. 25), lines 15-30.

13. The face of the '757 Patent indicates that there were two prior art references cited by the USPTO examiner during prosecution of the patent, U.S. Pat. Publ. No.

Page 4 – COMPLAINT FOR DECLARATORY JUDGMENT

2020/0035121 to Pandolfino and U.S. Pat. Publ. No. 2021/0068444 to Alcaron. '757 Patent, cover page (Exhibit 1, p. 4) ("References Cited").

14. The two prior art references cited on the face of the '757 Patent were identified by the USPTO examiner. The applicant did not submit or identify any prior art references to the USPTO during prosecution of the '757 Patent. A copy of the prosecution history of the '757 Patent is attached as Exhibit 2.

C.   **The '350 Patent**

15. The '350 Patent, also entitled "Sulfur-Containing Volatile Organic Compounds in Cannabis," was issued September 24, 2024 and assigned to ABX Investments, Inc. of Irvine, California. A copy of the '350 Patent was included with the Abstrax demand letter, and can be seen at Exhibit 1, pp 27-49.

16. On information and belief, ownership of the '350 Patent has been assigned to Abstrax Tech Inc.

17. The '350 Patent appears to share a virtually identical specification (i.e., written description and drawings) with the '757 Patent, and differs substantively only in the claims.

18. The claims of the '350 Patent are directed to a process for augmenting the aroma or taste of a product, where the process includes adding to the product an organosulfur compound selected from a list of compounds, and where the product can take various forms such as edible, aerosol, and so forth.

19. Claim 1 of the '350 Patent, which Abstrax has alleged is infringed by True Terpenes, recites as follows:

> 1. A process for augmenting or enhancing a gassy
>    aroma or taste of a product, the process
>    comprising: adding an organosulfur compound to
>    the product, the organosulfur compound selected
>    from a group consisting of prenyl mercaptan, 2-
>    methylthiophene, 3-methylthiophene, diprenyl
>    disulfide, 3-methyl-2-buten-1-yl thiolacetate, 3-
>    methyl-1-[(3-methyl-2-buten-1-yl)sulfanyl]-2-
>    butene, prenylmethylthiol (1-(methylsulfanyl)-3-
>    methyl-2-butene), prenyl thioacetate,
>    thiogeraniol, and a combination of any two or
>    more thereof, wherein the product is an edible
>    product, an aerosol product, a flavor product, a
>    fragrance product, or an inhalable product.

'350 Patent, Col. 22 (Exhibit 1, p. 48), lines 12-23.

20.     The face of the '350 Patent indicates that there were ten prior art references cited by the USPTO examiner during prosecution, including the two published patent applications cited during prosecution of the '757 Patent, as well as eight non-patent publications. '350 Patent, cover pages (Exhibit 1, pp. 27-28) ("References Cited").

21.     The eight non-patent publications cited by the USPTO examiner during prosecution of the '350 Patent were first identified by a third party during prosecution of another Abstrax patent application that shares an identical specification with the '757 Patent and the '350 Patent, and which issued as U.S. Pat. No. 11,725,160 ("the '160 Patent"). Abstrax has not accused True Terpenes of infringing the '160 Patent.

22.     The applicant submitted the eight non-patent publications identified by a third party during prosecution of the '160 Patent to the USPTO during prosecution of the

'350 Patent, but did not submit any additional prior art. Aside from the eight publications identified by a third party, the applicant of the '350 Patent never submitted any prior art references to the USPTO during prosecution. A copy of the prosecution history of the '350 Patent is attached as Exhibit 3.

D.  **Invalidating Prior Art Not Considered**

23. U.S. Pat. Appl. Pub. No. 2015/0080265 to Elzinga et al. ("the '265 Publication") was published on March 19, 2015 and assigned to The Werc Shop, LLC of Pasadena, California. A copy of the '265 Publication is attached as Exhibit 4.

24. The earliest possible effective filing date of both the '757 Patent and the '350 Patent is January 21, 2020. *See* Exhibit 1, pp. 4, 28 (each citing "Provisional application No. 62/963,615, filed on Jan. 21, 2020" as the earliest related application). Therefore, the '265 Publication is prior art with respect to both the '757 Patent and the '350 Patent.

25. The '265 Publication was not submitted to the USPTO by the applicant or considered by the USPTO examiner during prosecution of either the '757 Patent or the '350 Patent.

26. The '265 Publication anticipates or renders obvious all claims of both the '757 Patent and the '350 Patent. Attached as Exhibit 5 are claim charts demonstrating the invalidity under 35 U.S.C. §§102-103 of all claims of the '757 Patent and the '350 Patent based on the '265 Publication, and also demonstrating the invalidity of certain claims as indefinite under 35 U.S.C. § 112.

27. On information and belief, numerous other prior art references anticipate and/or render obvious the claims of the '757 Patent and the '350 Patent, either alone or in combination with the '265 Publication.

## CLAIM I

## DECLARATION OF INVALIDITY OF U.S. PAT. NO. 11,214,757

28. Ture Terpenes restates and incorporates by reference all allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

29. Defendant claims to have exclusive rights to enforce the '757 Patent.

30. In a letter to True Terpenes, Defendant alleged that True Terpenes infringes the '757 Patent and demanded that True Terpenes stop manufacturing, offering for sale, and selling its products accused of infringement.

31. Based on Defendant's allegations of infringement of the '757 Patent, an immediate and real controversy exists between True Terpenes and Defendant regarding whether Defendant is seeking to enforce an invalid patent against True Terpenes. A judicial declaration is necessary to determine the parties' respective rights regarding the '757 Patent.

32. All claims of the '757 Patent are indefinite under 35 U.S.C. § 112, anticipated under 35 U.S.C. § 102, and/or obvious under 35 U.S.C. § 103 based at least on the prior art '265 Publication, which was not considered by the USPTO during prosecution of the '757 Patent.

33. The '757 Patent is invalid in its entirety, and True Terpenes is entitled to a declaration so stating.

## CLAIM II

## DECLARATION OF INVALIDITY OF U.S. PAT. NO. 12,098,350

34. Ture Terpenes restates and incorporates by reference all allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

35. Defendant claims to have exclusive rights to enforce the '350 Patent.

36. In a letter to True Terpenes, Defendant alleged that True Terpenes infringes the '350 Patent and demanded that True Terpenes stop manufacturing, offering for sale, and selling its products accused of infringement.

37. Based on Defendant's allegations of infringement of the '350 Patent, an immediate and real controversy exists between True Terpenes and Defendant regarding whether Defendant is seeking to enforce an invalid patent against True Terpenes. A judicial declaration is necessary to determine the parties' respective rights regarding the '350 Patent.

38. All claims of the '350 Patent are indefinite under 35 U.S.C. § 112, anticipated under 35 U.S.C. § 102, and/or obvious under 35 U.S.C. § 103 based at least on the prior art '265 Publication, which was not considered by the USPTO during prosecution of the '350 Patent.

39. The '350 Patent is invalid in its entirety, and True Terpenes is entitled to a declaration so stating.

## **PRAYER FOR RELIEF**

WHEREFORE, True Terpenes respectfully requests:

A.     A declaration that all claims of the '757 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and/or 112;

B.     A declaration that all claims of the '350 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112; and

C.     That True Terpenes be granted such other and further relief to which True Terpenes may be entitled as a matter of law or equity, or which the Court deems just and proper.


DATED: October 31, 2025          Respectfully submitted,

By: /s/ Shawn J. Kolitch
Shawn J. Kolitch
**KOLITCH ROMANO DASCENZO GATES LLC**
621 SW Morrison #1100
Portland, Oregon 97205
Tel.: 503-994-1650
shawn@krdglaw.com
*Attorneys for Plaintiff*